# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re** | : | |
| **MAUREEN P. KAUMANN,** | : | **Chapter 13** |
| | : | **Case No. 18-13048 (AMC)** |
| **Debtor.** | : | **Re: Docket No. 46** |

## BUCKS COUNTY TAX CLAIM BUREAU'S LIMITED OBJECTION TO THE DEBTOR'S EXPEDITED MOTION FOR AUTHORITY TO SELL REAL PROPERTY

The Bucks County Tax Claim Bureau ("BCTCB"), through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the Debtor's Expedited Motion for Authority to Sell Real Property [Docket No. 46] (the "Sale Motion")[1]. In support of the Limited Objection, the BCTCB states as follows:

## BACKGROUND

1. On May 4, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. On April 29, 2022, the Debtor filed the Sale Motion, seeking, among other things, Court approval in connection with the proposed Sale of the real property located at 1012 Ponderosa Road, Feasterville, PA (hereinafter referred to as the "Property"), distributing the proceeds of such a Sale and the scheduling of a Sale Hearing to consider approval of the Sale.

3. Prior to the Petition Date, the Debtor owed BCTCB County, Municipal, and/or School real estate taxes for the year 2017 in the amount of $5,523.44. As of the filing of this

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Motion.

Limited Objection, the Debtor has failed to make payment to the BCTCB in full for the taxes owed in the amount of $1,315.66 (the "BCTCB Claim").  On July 20, 2018, the BCTCB filed proof of claim number 5 (the "Proof of Claim") on account of the BCTCB Claim[2].

## LIMITED OBJECTION

4.	The BCTCB Claim constitutes a secured claim with a lien on the Property pursuant to Pennsylvania state law.  Therefore, although the BCTCB does not oppose the Sale as a general matter, any order approving the Sale must include language that provides for the payment in full of the BCTCB Claim.

5.	Pursuant to Pennsylvania's Municipal Claims and Tax Liens Act (the "MCTLA"), a claim, such as the BCTCB Claim, arising from County, Municipal and School real estate taxes constitutes a "statutory lien."   See 53 P.S. § 7101; *In re J.B. Winchells, Inc*., 106 B.R. 384, 390 (Bankr.E.D.Pa. 1989).

6.	Further, pursuant to section 7106(a)(1) of the MCTLA, a municipal claim is deemed to be a first priority lien against the relevant property. See 53 P.S. § 7106(a)(1);*JP Morgan Chase Bank v. Zellin*, 82 Pa. D. & C.4th 460, 468 (C.P. 2007) ("Under the MCTLA, all taxes imposed on real property by a municipality are a first lien on such property, subordinate only to tax liens imposed by the Commonwealth. 53 P.S. §§ 7202, 7103.")

7.	Liens granted through the MCTLA are recognized as "statutory liens" within the meaning of the Bankruptcy Code. *In re Robinson*, 2005 Bankr. WL 6508304, *2 (Bankr.

---

[2] Further detail concerning the BCTCB Claim is contained within the Proof of Claim, which the BCTCB incorporates herein by reference.

E.D.Pa. 2005) (concluding that municipal claims under the MCTLA were "statutory liens" under section 101(53) of the Bankruptcy Code).

8.  While the Sale Motion proposes a sale that is free and clear of all liens, claims, encumbrances, and interests, such a sale would be in direct violation of Pennsylvania law, unless the BCTCB Claim was paid in full from the Sale proceeds. Indeed, a municipal claim under the MCTLA "should have priority and be satisfied out of the proceeds of any judicial sale before any other 'obligation, judgment, claim, lien, or estate with which the said property may be charged.'" *ACNB Bank v. Singh*, 40 Pa. D. & C.5th 341, 343 (C.P. 2014) (quoting 53 P.S. § 7106(a)).

9.  Thus, the BCTCB Claim is fully secured by a first priority statutory lien against the Debtor's Property, by operation of Pennsylvania law, must be paid in full from the proceeds of the Sale.

## CONCLUSION

WHEREFORE, the BCTCB respectfully requests that the Court condition the entry of an order approving the Sale upon the payment in full of the BCTCB Claim.

Dated: May 3, 2022

**GRIM, BIEHN & THATCHER**

*/s/ Michael K. Martin*_____
Michael K. Martin (PA Bar ID 204895)
104 S. Sixth Street
P.O. Box 215
Perkasie, PA 18944
P: (215) 257-6811
F: (215)257-5374
mmartin@grimlaw.com
*Counsel for Bucks County Tax Claim Bureau*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re** | : | |
| **MAUREEN P. KAUMANN,** | : | **Chapter 13** |
| | : | **Case No. 18-13048 (AMC)** |
| **Debtor.** | : | **Re: Docket No. 46** |

**CERTIFICATE OF SERVICE**

    I, MICHAEL K. MARTIN, ESQUIRE, attorney for Bucks County Tax Claim Bureau, do hereby certify that a true and correct copy of the Limited Objection to Debtor's Expedited Motion for Authority to Sell Real Property has been served this 3rd day of May, 2022 by first class mail, postage pre-paid, upon those listed below:

Attorney for Debtor:
Brad J. Sadek, Esquire
Sadek Law Offices, LLC
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

Trustee:
Scott F. Waterman
Chapter 13 Trustee
2901 St. Lawrence Avenue
Suite 100
Reading, PA 19606

                              GRIM, BIEHN & THATCHER

Dated:   May 3, 2022          By:   /s/ Michael K. Martin
                                               Michael K. Martin, Esq.
                                               Attorney for Bucks Co. Tax Claim Bureau